## NELSON *vs.* OMALEY.

The mode of service of process against an absent defendant, provided by *Stat.* 1821, *ch.* 59, *sec.* 3, by leaving a copy with his attorney, is not to be restricted to those cases only in which the defendant has property in this State; but extends to all cases where the process is by original summons.

THIS was a process by original summons, in *assumpsit*, in which the defendant was styled of *Baltimore* in the State of *Maryland*. The service was by reading the precept to *R. B. Allyn*, Esq. as attorney to the defendant; who entered an appearance at the return term, and filed a plea in abatement of the writ, because it was not served either by being read to the defendant in person, or by a copy delivered to him, or left at his dwelling house or last and usual place of abode. To this the plaintiff demurred.

*Allyn*, for the defendant, argued that by a sound construction of the *Stat.* 1821, *ch. 59, sec.* 3, service on the defendant's attorney was sufficient only in those cases in which property was attached, or the action was brought to recover land. In all others, the service should be on the defendant himself. But here was neither property attached, nor realty concerned, nor notice to the defendant; and the judgment itself, when rendered, would be a useless ceremony. *Lawrence v. Smith & al.* 5 *Mass.* 362.

*Abbot*, for the plaintiff.

WESTON J. delivered the opinion of the Court, at the ensuing *July* term in *Waldo*.

Process by original summons is without question suitable and prop-

Nelson *v.* Omaley.

er in this case. It is not one in which the law requires a separate summons to be left with the defendant. It is then within the express provisions of the second section of the act regulating judicial process and proceedings, *Stat.* 1821, *ch.* 59. The defendant having never been an inhabitant of this State, or having removed therefrom, service was made by reading the original summons to his attorney, in conformity with the third section of the same act. It is admitted to be a service warranted by the words of the statute ; but it is insisted that it ought by construction to be restricted to cases where the defendant has property within the State which may be taken to satisfy such judgment as may be rendered against him. The law lends its final process to a party in whose favor a judgment may be rendered ; but if neither the person nor property of the judgment debtor can be found, upon which to enforce satisfaction, the dignity and authority of the law remains unaffected. It is of private concern ; and is not a consideration which warrants or requires a constructive limitation of the terms of the statute. Service might have been made upon the defendant, by reading to him the summons, if he had happened to be casually here, but upon his return to his residence in *Baltimore,* there would be the same difficulty, which may now exist, in enforcing satisfaction. The law has in this case made a service upon his attorney equivalent to a service upon himself. There is nothing unreasonable in this. Notice reaches him by the agency of his attorney, if he is faithful to his duty, which must be presumed. For any thing that appears, there may be property within the State, of which the plaintiff may avail himself. If there is not, and the plaintiff cannot enforce satisfaction of his judgment, if he should obtain one, he, and not the defendant, would be prejudiced thereby.

As to the case of *Lawrence v. Smith & al.* cited in the argument, neither the process nor the service was like that now before the court.

*Judgment of respondent ouster.*